# NOVEMBER 25, 1942

NICK CASCIO V.. THE STATE.

No. 22293. Delivered November 25, 1942.

The opinion states the case.

*H. R. Bishop*, of Fort Worth, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of burglary, and by the jury assessed a penalty of two years in the penitentiary.

This is a case resting entirely upon circumstantial evidence, and the trial court so charged the jury.

The facts are brief. Mr. Burch, the night watchman at Itasca, about 3 o'clock in the morning, heard some kind of a noise from an alley at the rear of Mr. Davis' grocery store, in

the town of Itasca. There was a picket fence behind and between this store and the alley. The night watchman went back towards the alley and there saw a man, positively identified by him as the appellant. He called to appellant, who immediately ran, pursued by the night watchman, whom appellant soon outdistanced. An examination of the Davis' store building showed that a rear window had been opened by means of the use of a Ford car jack, and the knob of the safe had been knocked off, evidently by the use of a hammer, and some $671.61 in money and checks taken therefrom. The jack, hammer and a punch were found thereby. About 6 o'clock in the morning a man answering appellant's description entered the bus station at Hillsboro, some miles away from Itasca, and inquired relative to what time he could catch a bus to Dallas. Being informed that it would be some hours, such person then stated that he would hitch-hike it, and sometime thereafter the sheriff of Hill County arrested this man, identified as appellant, some few miles out of Hillsboro on the Dallas road. On the following day, at an unidentified place, this stolen money was recovered from under a culvert a short distance from Itasca, no connection of appellant being shown with its recovery. This is all the pertinent testimony presented in the record, and under the requirement of the law, and the trial court's charge, we do not think that the mere fact of appellant's presence in an alley behind the burglarized premises, coupled with his successful flight, is sufficiently strong enough to overcome every other reasonable hypothesis than that of his guilt. It is said that "the wicked flee when no man pursueth: but the righteous are bold as a lion," and the circumstance of flight might have some bearing upon appellant's intentions and his moral status, but there is naught left save his unexplained flight, and his unexplained presence near where this burglary was committed. None of the stolen property was found upon him; the store burglary happened at some unidentified hour between its closing and 3 o'clock in the morning, and the money was recovered by means of a Texas Ranger telling the officers where to search.

The trial court's charge lays down the long accepted criterion relative to the sufficiency of circumstantial evidence cases, especially so when it says: "But in such cases it is not sufficient that the circumstances coincide with, account for and therefore render probable the guilt of the defendant. They must exclude to a moral certainty every other reasonable hypothesis

except the defendant's guilt." See Branch's P. C., Sec. 1877, p. 1042.

There is a complaint relative to the argument of the district attorney, which need not be noticed as same will doubtless not appear upon another trial should such be had.

On account of the insufficiency of the evidence to meet the requirements of the law, this judgment is reversed and the cause remanded.